**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | | |
|---|---|---|
| JOHANN L. SMITH, | * | |
| ADC #100228 | * | |
|     Plaintiff, | * | |
| vs. | * | |
| | * | |
| ARKANSAS DEPARTMENT OF | * | No. 5:10-cv-00310-SWW-JJV |
| CORRECTION, | * | |
| | * | |
|     Defendant. | * | |

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact. If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Johann Smith, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), initiated this action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983, challenging the length of time the ADC took to transfer him from the Ashley County Detention Facility to the ADC to begin serving his sentence.[1] After carefully reviewing the documents submitted by Plaintiff, the Court concludes that Plaintiff's claims are without merit as he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed with prejudice.

## I. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally

---

[1] Plaintiff's Complaint states he is suing the Arkansas Department of Correction. He states he corresponded with Director Ray Hobbs and members of the parole board. (Doc. No. 1 at 3). While prisoners may make actionable claims against Director Hobbs, members of the Post-Prison Transfer Board are absolutely immune from suit for damages while performing their official duties. *Wiggins v. Lockhart*, 825 F.2d 1237 (8th Cir. 1987). Therefore, Plaintiff's claims against Leroy Brownlee and Abraham Carpenter are not actionable.

frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## II.    ANALYSIS

Plaintiff sues the ADC for the length of time taken to transfer him from the county jail to the ADC to complete his prison sentence. He states:

> [Because of] not being moved from this county jail in a timely manner to the ADC I am missing opportunitys [*sic*] I would have if I were already in the ADC. I would already [have] had the opportunity to appear before the parole board as scheduled for the time I have been sentenced to in the ADC. I am missing my opportunity to gain my class status as I would if I were already in the ADC as those already in the ADC, which is [denying] me the possibility of already being home with my family.

(Doc. No. 1 at 4).

Section 1983 is a vital part of American law and authorizes private parties to enforce their federal constitutional rights against individuals who act under color of state law. Here, Plaintiff's claims do not amount to a violation of his constitutional rights as there is no constitutional or

inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1 (1979). The Arkansas parole statute, ARK. CODE ANN. § 16-93-201-206 (Supp. 1997), establishes only the possibility of parole. Nothing in the Arkansas statutes creates a right of an inmate to be released on parole which would invoke due process protection, *Robinson v. Mabry*, 476 F. Supp. 1022, 1023 (E.D. Ark. 1979), and parole officials are entitled to consider many factors when deciding whether to grant parole. Furthermore, Plaintiff does not have a constitutional right or liberty interest in a particular classification level. *Carney v. Houston,* 33 F.3d 893, 894 (8th Cir. 1994) (stating that "[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); *Madewell v. Roberts,* 909 F.2d 1203, 1207 (8th Cir. 1990) (ADC inmate has no right to consideration of Class I status).

Understandably, Plaintiff was upset at the amount of time taken for his transfer from the county jail to the ADC, where he would likely be in a more comfortable environment and afforded more opportunities. However, these claims, while important to Plaintiff, fail to amount to constitutional violations. Therefore, Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted and dismissal of this action should count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[2]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." *See Patton v. Jefferson Correctional Center*, 136 F. 3d 458, 462-64 (5th Cir. 1998).

### III. CONCLUSION

Accordingly, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting these recommendations would not be taken in good faith.

4. All pending motions are denied as moot.

DATED this 1st day of April, 2011.

```
                                    /s/ Joe J. Volpe
                                    JOE J. VOLPE
                                    UNITED STATES MAGISTRATE JUDGE
```